**Sandra Garcia CERDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–95–450–CR.

Court of Appeals of Texas,
Corpus Christi.

June 26, 1997.

Rehearing Overruled Aug. 7, 1997.

Jake Perret, Houston, for Appellant.

Robert E. Bell, Criminal District Attorney, Edna, Jim Vollers, Austin, for Appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellant was indicted for the felony offense of possession of marihuana. A jury found her guilty and assessed the maximum punishment of twenty years' confinement and a $10,000 fine. We reverse and remand.

## BACKGROUND

Department of Public Safety ("DPS") Trooper Frank Rios testified he was traveling southbound on Highway 59 in Jackson County when he observed appellant traveling northbound in close proximity behind another vehicle. In Rios' opinion, both cars were traveling in excess of 55 mph, the posted speed limit. He decided to effectuate a traffic stop on both vehicles.

After Rios made his turn-around to come northbound, the first car, a grey Chevrolet Impala, started to weave for no apparent reason; the second vehicle, a brown van, slowed down considerably. This caused Rios to have a slight suspicion the Chevrolet could possibly be a "decoy" vehicle. He pulled the Chevy over and the driver, Juana Garcia, exited. Rios observed that as the van approached, Garcia was "aware of the vehicle's presence" and when the van went by, Garcia looked past her car at the van traveling north. Rios asked Garcia if she was traveling with the van and Garcia responded that she was not. Rios issued Garcia a warning ticket for improper window tinting and re-

leased her. No search was effectuated on the Chevrolet.

Rios then caught up to the van and pulled it over. He identified himself and told the driver, appellant, that he was stopping her for speeding. Rios asked appellant whether she was traveling with anyone and appellant responded that she was not. When the Chevrolet passed by, appellant looked at it. Rios again asked appellant if she was traveling with anyone and she again said no. When Rios lied to her by saying the driver of the Chevrolet had stated to him that they were traveling together, appellant admitted the other driver was her mother and that appellant was following her.

Rios asked for general permission to search the car. Appellant said, "Oh, okay." As Rios entered the driver's side of the van, he noticed that, even though it was early August, the air conditioning was not being used. He turned on the ignition and flipped the blower switch to the "on" position. The air only blew from the defrost vents; it did not come out from the dash vents. This caused Rios suspicion.

Fancying himself to be "somewhat of a mechanic," Rios went around to the passenger side of the van, looked underneath the dash and saw what appeared to be a large box. It seemed to Rios to be larger than normal air conditioning housing. He removed a strip of trim, exposing the screws that hold the dash onto the frame. The screws had mud placed on them, which Rios stated would disguise any fresh marks made by a screwdriver or pliers.

Becoming more suspicious, Rios determined he needed to search the vehicle further, but that it was not safe to do so on the side of the road. He asked appellant to follow him to Winskies Garage in Ganado. Appellant complied. Once at Winskies, Rios stated he told appellant he wanted to search the dash area of the van [1] and he obtained a

written consent to search the vehicle. [2] He removed the bottom portion of the large box he had observed earlier and saw an eight inch square piece of fiberglass that had been used as a makeshift door to get into a manufactured compartment. He removed the fiberglass and found 30 pounds of bundled marihuana. Rios immediately placed appellant under arrest and transported her to the Jackson County Sheriff's Department.

## ANALYSIS

Appellant's sixth point of error asserts the trial court erred in denying her motion to suppress the marihuana because her consent to search the vehicle was involuntary and because Rios exceeded the scope of the consent.

When hearing a motion to suppress, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *DuBose v. State,* 915 S.W.2d 493, 496 (Tex.Crim.App.1996); *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim. App.1990). We should not engage in our own fact finding, but should consider only whether the trial court properly applied the law to the facts. *Banda v. State,* 890 S.W.2d 42, 51 (Tex.Crim.App.1994). If the record supports the trial court's findings, we will not disturb those findings. *Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). Where, as here, the trial court did not make any findings, this Court "can and will presume that the trial court made all necessary findings to support its [order], if such findings are supported by the evidence." *Merritt v. State,* 643 S.W.2d 448, 450 (Tex.App.—Corpus Christi 1982, no pet.). In determining the propriety of the trial court's ruling, we must apply an abuse of discretion standard, not a *de novo* standard. *Villarreal v. State,* 935 S.W.2d 134,

---

1. Appellant vigorously denied Rios asked her if he could search the dash.

2. The written consent to search was admitted during the suppression hearing and before the jury during trial. The form gave Rios consent to search the van "including the containers and contents located therein ' *& contents'*." The

words " *& contents*" were handwritten, presumably by Rios. While not dispositive of our decision, we note that had appellant indeed given her consent for Rios to specifically search the dash, it would have been a simple matter for him to write the words "including the dash" on the consent form.

138 (Tex.Crim.App.1996); *DuBose*, 915 S.W.2d at 496.

■ We are aware that several recent decisions of this Court have held that under *Higbie v. State*, 780 S.W.2d 228, 230 (Tex. Crim.App.1989), *overruled on other grounds, King v. State*, 800 S.W.2d 528, 529 (Tex.Crim. App.1990), we are to review the reasonableness of a search and seizure *de novo. See State v. Guzman*, 942 S.W.2d 41, 45 (Tex. App.—Corpus Christi 1997, pet. filed); *Loesch v. State*, 921 S.W.2d 405, 408 (Tex. App.—Corpus Christi 1996, pet. granted); and *Henson v. State*, 915 S.W.2d 186, 193 (Tex.App.—Corpus Christi 1996, no pet.); *see also Cardenas v. State*, 857 S.W.2d 707, 710 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). This standard of review is not in keeping with the standard recently clarified by the court of criminal appeals. *DuBose*, 915 S.W.2d at 496 ("the court of appeals is to limit its review of the trial court's ruling both as to the facts and the legal significance of those facts, to a determination of whether the trial court abused its discretion"); *State v. Carter*, 915 S.W.2d 501, 504 (Tex.Crim.App. 1996) ("*Higbie* does not authorize a *de novo* appellate review."). We have reviewed our prior opinions, however, and conclude that although the phrase "whether a search or seizure is unreasonable under the Fourth Amendment is an issue of law that is reviewable *de novo*," or some reasonable facsimile, was included in the opinion, the cases were actually analyzed and decided on the correct abuse of discretion standard. *See, e.g., Guzman*, 942 S.W.2d at 46 ("we cannot say the trial court abused its discretion in suppressing the evidence"); *Gonzalez v. State*, 869 S.W.2d 588, 591 (Tex.App.—Corpus Christi 1993, no pet.) ("The trial court, therefore, abused its discretion in failing to exclude the stolen goods from evidence.").

■ The facts in this case are strikingly similar to those in *Guzman, supra*. In that case, after Guzman was stopped, DPS Officer Byrd informed Guzman he suspected contraband was concealed in the vehicle. Byrd obtained a written consent to search the vehicle and its contents. Byrd looked under the bed of the vehicle and determined that all of the bolts holding the bed to the frame appeared to have been recently disturbed.

Byrd took Guzman's license and instructed him to follow Byrd to the Sheriff's office. Once there, a K–9 unit arrived and the dog alerted on the gas tank area of the truck. Byrd informed Guzman he believed there was contraband in the gas tank area and he was going to take the truck to a nearby service station where he could remove the bed and gain entry to the gas tank. Guzman remained at the Sheriff's office and Byrd drove the truck to a nearby service station where the bed of the truck was removed. Byrd noticed a patch of "bondo" on the gas tank. Using a mallet and chisel, Byrd broke through the patch and discovered 39 pounds of bundled marihuana in a compartment in the gas tank.

The trial court found Byrd did not have probable cause to arrest Guzman at the time of the roadside stop. It was only after Guzman consented to follow Byrd to the Sheriff's office that probable cause developed. The same is true in the present case. Rios admitted he did not have probable cause to suspect criminal activity when he conducted his limited search on the roadside. It was only because of appellant's consent to follow Rios to Winskies Garage that probable cause to search the van developed.

We held in *Guzman* that in order to conduct a warrantless search, there must not only be probable cause, but also exigent circumstances. *Guzman*, 942 S.W.2d at 45. As in *Guzman*, because appellant's van was in police custody, there were no mobility concerns sufficient to justify an immediate search without a warrant. *See Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). As Rios testified he would not have let appellant leave the roadside had she wanted to, it is reasonable to assume that although she was not yet under arrest at Winskies Garage, Rios would not have let appellant leave that location either.

■ A vehicle in police custody cannot be subject to the moving vehicle exception of *Carroll. Maldonado v. State*, 528 S.W.2d 234, 240 (Tex.Crim.App.1975), *overruled on*

*other grounds, Sullivan v. State,* 564 S.W.2d 698, 704 (Tex.Crim.App.1977) (op. on reh'g); *Guzman,* 942 S.W.2d at 45. Once Rios removed the air conditioning housing and saw the fiberglass covering the manufactured compartment, he could have easily obtained a search warrant. He failed to do so.

We adhere to our recent ruling in *Guzman* and hold there were no exigent circumstances present allowing Rios to remove the air conditioning housing and open the manufactured compartment without first obtaining a search warrant.

In *Maldonado,* the court of criminal appeals determined that evidence obtained without a warrant should be suppressed when it was discovered during a general search of the vehicle, at a different place from where the defendant was arrested, and while the defendant was in custody. *Maldonado,* 528 S.W.2d at 239–41. Here, the search took place at a time when Rios admitted he did not have probable cause, at a location different from the initial detention site, and while appellant was not free to leave. In *Maldonado* and *Guzman,* the State's failure to obtain a search warrant could not be excused. The same is true here. The trial court abused its discretion in failing to grant appellant's motion to suppress.

Having found error in the admission of evidence obtained in an unlawful search, our rules require that we "reverse the judgment under review, unless [we] determine ... beyond a reasonable doubt that the error made no contribution to the conviction or punishment." TEX.R.APP. P. 81(b)(2); *Brimage v. State,* 918 S.W.2d 466, 484 (Tex. Crim.App.1994); *see also Harris v. State,* 790 S.W.2d 568, 585 (Tex.Crim.App.1989). Rule 81(b)(2) requires that we "focus on the error and determine whether it contributed to the conviction." *Lagrone v. State,* 942 S.W.2d 602 (Tex.Crim.App.1997) (quoting *Harris,* 790 S.W.2d at 585).

Here, the evidence complained of includes the marihuana seized, appellant's testimony before the grand jury in which she discussed her mother's involvement in the transportation of the marihuana, and Rios' testimony that appellant told him she wanted to cooperate and talk about the transporting of the marihuana. We cannot say beyond a reasonable doubt that this evidence did not contribute to the conviction.

Having found the search of appellant's van illegal, that the evidence obtained in that search was admitted against her at trial in violation of article 38.23 of the Texas Code of Criminal Procedure,[3] and that the error in admitting the evidence was not harmless beyond a reasonable doubt, we REVERSE appellant's conviction and REMAND the cause to the trial court for disposition consistent with this opinion.

---

3. "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or law of the State of Texas, or of the Constitution or law of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC ANN. art. 38.23(a) (Vernon Supp. 1997).