**The STATE of Texas,**

v.

**Eloy GUZMAN and Blanca Estella Guzman, Appellees.**

**Nos. 427–97, 428–97.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 28, 1998.

---

James D. Granberry, Jon G. Theford, Corpus Christi, for appellants.

Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and BAIRD, MANSFIELD, KELLER, PRICE, HOLLAND and WOMACK, Judges, joined.

On May 27, 1995 Texas Department of Public Safety Trooper Jerry Byrd stopped a truck because the windows appeared to be illegally tinted.[1] Byrd spoke with the driver, Eloy Guzman (Mr. Guzman) and determined that he and the passenger, Blanca Guzman (Mrs. Guzman), were unemployed. Mr. and Mrs. Guzman gave inconsistent explanations for their trip. Byrd observed a noticeable change in Mr. Guzman's attitude when drugs and drug offenses were mentioned. Byrd saw tags indicating that the truck had been purchased a few days earlier, a mobile telephone and portable CB radio in the truck, and a disturbed bolt in the bed of the pickup truck. Based on this information, Byrd suspected that the vehicle contained contraband and obtained Mr. Guzman's written permission to search the truck. Although the vehicle's paper buyer's tag listed Mrs. Guzman as the owner, she was not asked to consent to the search.

Byrd looked under the bed of the truck and saw that all of the bolts holding the bed to the frame had recently been removed and replaced. Byrd then told Mr. Guzman that he needed to take a closer look at the truck. Byrd took his driver's license and asked him to follow Byrd's patrol car to the Sheriff's office, where a K–9 dog alerted to the gas ·tank area. Byrd told Mr. Guzman he believed there was contraband in or around the truck's gas tank, and that he was going to take the truck to a nearby service station where he could remove the truck bed. At the service station, Byrd directed the removal of the truck bed and discovered a patch of "bondo" on the top of the gas tank, which suggested the presence of a secret compartment. Using a mallet and chisel, Byrd removed the "bondo" patch from the gas tank. He found thirty nine pounds of bundled marijuana in a compartment in the gas tank. Appellees were arrested for possession of marijuana.

After the pretrial hearing, the court concluded that Byrd had probable cause to enter the gas tank, but that entry exceeded the scope of the consent authorized by Mr. Guzman. The court held the search violated the Fourth Amendment of the United States Constitution[2] because Byrd failed to obtain a warrant, and granted Appellees' motion to suppress.

On appeal the State argued that the search satisfied the Fourth Amendment, regardless of consent, because the officer had probable cause to search the truck for contraband and the truck fell within the automobile exception. The Court of Appeals held that the search of the truck could not be upheld because "[t]he warrantless search of an automobile hinges on two factors: (1) probable cause and (2) exigent circumstances. *See Gauldin v. State*, 683 S.W.2d 411, 414 (Tex. Crim.App.1984)." *State v. Guzman*, 942 S.W.2d 41, 45 (Tex.App.–Corpus Christi 1997). That court further explained:

In order to conduct a warrantless search, there must be not only probable cause but also exigent circumstances. In general, because a car is mobile, it may be lawfully searched without a warrant if the search is supported by probable cause to believe that the vehicle contains contraband or the instrumentalities of a crime. [Citations omitted.] However, in the present case the car was no longer subject to being moved without the permission of law en-

---

1. After examining the windows using a special tool designed to test the window tint, Byrd determined that the tint was darker than that allowed by law.

2. The court also held the search violated Article I, Section 9 of the Texas Constitution. That issue is not before this Court.

forcement personnel.... "[A vehicle] while in police custody could not be subject to the moving vehicle exception of *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)." *Maldonado v. State*, 528 S.W.2d 234, 240 (Tex.Crim.App. 1975). We hold that, in the present case, there were no exigent circumstances present allowing Trooper Byrd to break into the gas tank of the vehicle without first obtaining a search warrant.

942 S.W.2d at 45. We granted the State's petition for discretionary review to determine whether Texas case law regarding the automobile exception to the Fourth Amendment conflicts with United States Supreme Court precedent.

 When we decide cases involving the United States constitution, we are bound by United States Supreme Court case law interpreting it. If Texas case law is in conflict, we are obligated to follow United States Supreme Court federal constitutional precedents. *See* United States Constitution, Article VI. This Court has recognized that where one of our decisions on a federal constitutional issue directly conflicts with a United States Supreme Court holding, we are bound to overrule our decision. *See, e.g., Samudio v. State*, 648 S.W.2d 312, 314 (Tex.Crim.App. 1983).

In the instant case, the court of appeals followed *Gauldin*, in which we held that a warrantless search of an automobile requires exigent circumstances in addition to probable cause. *Gauldin v. State*, 683 S.W.2d 411, 414 (Tex.Crim.App.1984). Likewise, in *Maldonado*, we held that a vehicle in police custody cannot be subject to a warrantless search pursuant to the automobile exception to the Fourth Amendment. *Maldonado v. State*, 528 S.W.2d 234, 240 (Tex.Crim.App.1975). Today we overrule these holdings because they directly conflict with United States Supreme Court precedent.

Shortly after our decision in *Maldonado*, the United States Supreme Court decided *Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975). In *White*, police officers had probable cause to believe that the defendant had recently attempted to negotiate checks drawn on a closed account, and that the defendant had stashed the bad checks in his car. Police brought the driver and the car to the police station and searched the car, even though the driver refused to consent and the police had not obtained a search warrant. In a jury trial, the defendant was convicted of knowingly attempting to pass a forged instrument. We reversed his conviction on the ground that the checks, found during the search of the defendant's automobile, had been seized in violation of the defendant's Fourth Amendment rights. *White v. State*, 521 S.W.2d 255 (Tex.Crim.App.1975). The Supreme Court reversed us relying on *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), in which it "held that police officers with probable cause to search an automobile at the scene where it was stopped could constitutionally do so later at the station house without first obtaining a warrant." *White*, 423 U.S. at 68, 96 S.Ct. at 305; *see also Chambers*, 399 U.S. at 52, 90 S.Ct. at 1981–82. In light of *White* and *Chambers*, *Maldonado* is expressly overruled.

Later the United States Supreme Court decided several cases that contradict our holding in *Gauldin*. Building on *White* and *Chambers*, the Supreme Court reached a unanimous decision *Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982). In *Thomas*, the Court reversed a lower court's decision requiring exigent circumstances to justify a warrantless search of an automobile: "the Court of Appeals held that the absence of 'exigent circumstances' precluded a warrantless search. This holding is plainly inconsistent with our decisions in *Chambers* and *Texas v. White*." 458 U.S. at 262, 102 S.Ct. at 3081.[3] Three years later,

---

**3.** In addition, the *Thomas* decision served to reemphasize that this Court's decision in *Maldonado* was an incorrect interpretation of the federal constitution:

It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, dur-

in *United States v. Johns*, the Court reiterated that "[a] vehicle lawfully in police custody may be searched on the basis of probable cause to believe that it contains contraband, and *there is no requirement of exigent circumstances to justify such a warrantless search.*" 469 U.S. 478, 484, 105 S.Ct. 881, 885, 83 L.Ed.2d 890 (1985) (emphasis added), citing *Michigan v. Thomas,* 458 U.S. 259, 261–62, 102 S.Ct. 3079, 3081, 73 L.Ed.2d 750 (1982) and *Florida v. Meyers,* 466 U.S. 380, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984). *See also Pennsylvania v. Labron,* 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996). Because these Supreme Court decisions conflict with *Gauldin*'s requirement of exigent circumstances, *Gauldin* is hereby overruled.

Accordingly we hold, as Supreme Court precedent dictates, that the automobile exception to the Fourth Amendment of the United States Constitution does not require the existence of exigent circumstances in addition to probable cause.

The judgment of the Court of Appeals is reversed and these causes are remanded to that court for further proceedings consistent with this opinion.

OVERSTREET, J., dissented without opinion.

ing the period required for the police to obtain a warrant.

458 U.S. at 262, 102 S.Ct. at 3080.