**Sandra Garcia CERDA, Appellant,**

v.

**The STATE of Texas.**

**No. 1476–97.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 16, 1998.

Jake Perret, Houston, for appellant.

Jim Vollers, Special Pros., Matthew Paul, State's Atty., Austin, for State.

---

4. While I agree with the judgment of the Court of Appeals, I don't agree with all of its reasoning.

*See* fn. 1, *supra.*

**636**

Johnny LEAL, Appellant,

v.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, BAIRD, MANSFIELD, KELLER, PRICE, HOLLAND and WOMACK, Judges, joined.

Appellant was convicted of possession of marijuana and sentenced to twenty years confinement and a $10,000 fine.

On appeal appellant claimed the trial court should have granted her motion to suppress because the search of her vehicle was involuntary and warrantless. Pursuant to its own opinion in *State v. Guzman,* 942 S.W.2d 41 (Tex.App.—Corpus Christi 1997), the Court of Appeals held that because there was probable cause but no exigent circumstances, the warrantless search was illegal and thus the trial court abused its discretion by failing to grant appellant's motion. The Court of Appeals reversed and remanded.

Subsequent to the opinion of the Court of Appeals, we reversed its opinion in *Guzman, supra. State v. Guzman,* 959 S.W.2d 631 (Tex.Crim.App.1998). Consistent with jurisprudence of the United States Supreme Court, we held "the automobile exception to the Fourth Amendment of the United States Constitution does not require the existence of exigent circumstances in addition to probable cause." *Id.* at 634. Because the Court of Appeals did not have the benefit of our decision in *Guzman* at the time it reviewed appellant's claim, we remand this case to the Court of Appeals for reconsideration of the issue.

We vacate the decision of the Court of Appeals and remand the case to that Court for reconsideration in light of this Court's opinion.

OVERSTREET, J., dissents.