NUMBER 13-95-525-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


THE STATE OF TEXAS , Appellant,



v.




ELOY GUZMAN , Appellee.

___________________________________________________________________



On appeal from the 36th District Court

of San Patricio County, Texas.

___________________________________________________________________



OPINION ON REMAND



Before Chief Justice Seerden and Justices Dorsey and Chavez

Opinion by Justice Dorsey


 The State of Texas appealed from a trial court ruling suppressing all evidence obtained from a search and seizure of
appellees Eloy and Blanca Estella Guzman's truck in their prosecution for third degree felony possession of marihuana. (1) 
We affirmed the trial court's judgment in our published opinion, State v. Guzman, 942 S.W.2d 41 (Tex. App.--Corpus
Christi 1997). The court of criminal appeals reversed our judgment and remanded the case for our further consideration. 
See State v. Guzman, 959 S.W.2d 631 (Tex. Crim. App. 1998). We reverse and remand.

 On May 27, 1995, Texas Department of Public Safety Trooper Jerry Byrd stopped a truck because the windows appeared
to be illegally tinted. (2) Byrd spoke with the driver, Eloy Guzman (Mr. Guzman) and determined that he and the passenger,
Blanca Guzman (Mrs. Guzman), were unemployed. Mr. and Mrs. Guzman gave inconsistent explanations for their trip. 
Byrd observed a noticeable change in Mr. Guzman's attitude when drugs and drug offenses were mentioned. Byrd saw tags
indicating that the truck had been purchased a few days earlier, a mobile telephone and portable CB radio in the truck, and
a disturbed bolt in the bed of the pickup. Based on this information, Byrd suspected that the vehicle contained contraband
and obtained Mr. Guzman's written permission to search the truck. Although the vehicle's paper buyer's tag listed Mrs.
Guzman as the owner, she was not asked to consent to the search.

 Byrd looked under the bed of the truck and saw that all of the bolts holding the bed to the frame had recently been removed
and replaced. Byrd then told Mr. Guzman that he needed to take a closer look at the truck, took Guzman's driver's license,
and asked him to follow Byrd's patrol car to the sheriff's office. Guzman consented. Upon initial inspection at the sheriff's
office, a drug dog alerted to the gas tank area of the truck. Byrd told Mr. Guzman he believed there was contraband in or
around the truck's gas tank, and that he was going to take the truck to a nearby service station where he could remove the
truck bed. At the service station, Byrd directed the removal of the truck bed and discovered a patch of "bondo" on the top
of the gas tank, which suggested the presence of a secret compartment. Using a mallet and chisel, Byrd removed the
"bondo" patch from the gas tank. He found thirty-nine pounds of bundled marihuana in a compartment in the gas tank. 
Appellees were arrested for possession of marihuana.

 After the pretrial hearing, the court concluded that Byrd had probable cause to enter the gas tank, but that the entry
exceeded the scope of Guzman's consent. The court held the search violated the Fourth Amendment of the United States
Constitution because Byrd failed to obtain a warrant, and granted Appellees' motion to suppress.

 On appeal the State argued that the search satisfied the Fourth Amendment, regardless of consent, because the officer had
probable cause to search the truck for contraband and the truck fell within the automobile exception. Relying on Gauldin v.
State, 683 S.W.2d 411, 414 (Tex. Crim. App. 1984) and Maldonado v. State, 528 S.W.2d 234, 240 (Tex. Crim. App.
1975), we held that the search of the truck could not be upheld because "[t]he warrantless search of an automobile hinges
on two factors: (1) probable cause and (2) exigent circumstances." Guzman, 942 S.W.2d at 45. Finding no exigent
circumstances present allowing Trooper Byrd to break into the gas tank of the vehicle without first obtaining a search
warrant, we affirmed the trial court's suppression of the State's evidence. Id. at 46.

 The court of criminal appeals, relying on two United States Supreme Court decisions, Texas v. White, 423 U.S. 67 (1975)
and Michigan v. Thomas, 458 U.S. 259 (1982), overruled Gauldin and Maldonado and remanded this case to us. Guzman,
959 S.W.2d at 634. The law in Texas now is, "[a] vehicle lawfully in police custody may be searched on the basis of
probable cause to believe that it contains contraband, and there is no requirement of exigent circumstances to justify such a
warrantless search." Id. (quoting United States v. Johns, 469 U.S. 478, 484 (1985)). On remand, Guzman argues the trial
court was correct in suppressing the State's evidence because Trooper Byrd's search exceeded the scope of Mr. Guzman's
consent and that the search was not conducted pursuant to probable cause. 

 The trial court found Trooper Byrd relied on Mr. Guzman's written consent for his initial roadside inspection of the truck
and, having concluded from this inspection that something was amiss, Trooper Byrd lawfully detained the Guzmans to
follow up on his suspicions. The trial court also found the Guzmans voluntarily accompanied Trooper Byrd to the sheriff's
office for a search of their truck and that, once the drug dog alerted on the truck, Trooper Byrd had probable cause to search
the vehicle. The court found the drug dog alerted to the passenger side of the truck near the gas tank, but that it was unclear
whether the dog alerted to the truck or the contents in the bed of the truck. Finding probable cause to search the gas tank,
the trial court nonetheless concluded the State exceeded the scope of consent by tearing into the Guzmans' gas tank,
rendering the truck inoperable. 

 It is clear from the record that Trooper Byrd was justified in his initial stop based on the excessive tinting of the truck's
windows. The record also supports the conclusion that he developed reasonable suspicion justifying further investigation
pursuant to a search conducted with the Guzmans' written consent. First, the Guzmans told inconsistent stories. They were
both unemployed but driving a new truck. Their demeanor changed markedly when the subjects of drugs and drug offenses
were raised. After getting written consent, Trooper Byrd inspected the truck and found all the bolts affixing the bed of the
truck had been disturbed. It is undisputed that the Guzmans likewise consented to follow trooper Byrd to the sheriff's
office where a drug dog alerted on the truck "near the gas tank." 

 Once Trooper Byrd developed probable cause to believe drugs were present, he was no longer relying on consent to
conduct his search. To the extent the trial court based its judgment on the search exceeding the scope of the consent, it
erred. The trial court did not base its decision solely on the issue of consent, however. Instead, the trial court concluded
that, even though the officer possessed probable cause to search, he required a search warrant to open the Guzmans' gas
tank because doing so "necessitated damaging property and rendering the Defendant's vehicle unsafe and inoperable for an
indefinite period of time," and was, therefore, unreasonable.

 Once there is probable cause to believe a vehicle contains contraband, an individual's expectation of privacy disappears. 
Osban v. State, 726 S.W.2d 107, 111 (Tex. Crim. App. 1986) (citing United States v. Ross, 456 U.S. 798, 823 (1982)).

"The scope of a warrantless search based on probable cause is no narrower--and no broader--than the scope of a search
authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search
otherwise is as the magistrate could authorize." Osban, 726 S.W.2d at 111 (quoting Ross, 456 U.S. at 823). The search
need not be done immediately, but can be done later, and the warrant requirement does not attach because of the delay. 
Johns, 469 U.S. at 486-87.

 Trooper Byrd conducted his initial inspection pursuant to consent but developed probable cause that drugs were present
when the drug dog alerted on the truck. The ensuing search was conducted pursuant to that probable cause, regardless of
any consent elicited from Guzman. Trooper Byrd suspected the truck bed had been removed and replaced because of the
condition of the bolts attaching it. Once the truck bed had been removed, it also became apparent that the gas tank had
been cut into and resealed with "bondo"; that is, it had been modified in such a manner that it acted as a secret
compartment. Given these facts, Trooper Byrd clearly had probable cause to believe that drugs were hidden in the gas tank. 
Trooper Byrd's search did not exceed the scope of that justified by the circumstances.

 Guzman cites Cardenas v. State, 857 S.W.2d 707 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd), in support of the
proposition that the destructiveness of the search required a warrant. Cardenas involved the consent search of the trunk of
the defendant's car. Pursuant to Cardenas's written consent, the police conducted a search of his trunk. Finding no luggage,
the officer noticed the spare tire was bolted to the trunk's apparent floor. Removing the tire and peeling back the carpet, the
officer found a metal plate tack-welded in place over where the spare-tire well should have been. The officer had the car
moved to a police garage where he had a mechanic break the tack-welds and remove the plate. The spare-tire well held a
bag containing cocaine. The Cardenas court concluded the officer had not exceeded the scope of Cardenas's consent. 
Guzman cites the court's observation that a general consent to search does not include structural demolition of property. Id.
at 712. We agree that the law regarding consent searches provides such a limit. 

 Cardenas, however, has no application to the case at hand. The search of Guzman's car was not subject to his consent;
Trooper Byrd had probable cause to search the car and was not limited to the scope of Guzman's consent. 

 In United States v. Ramirez, the Supreme Court held that "excessive or unnecessary destruction of property in the course of
a search may violate the Fourth Amendment, even though the search itself is lawful and the fruits of the search not subject
to suppression." United States v. Ramirez, __U.S. __, 118 S.Ct. 992, 996 (1998). Given the facts of the case before us,
however, we conclude Trooper Byrd's search involved neither excessive nor unnecessary destruction of property. The
evidence available to him indicated drugs were located within the gas tank. He directed only the use of force necessary to
gain access to the tank. Indeed, he simply went where others had obviously gone before, taking the same route.

 We hold Trooper Byrd's search was conducted pursuant to probable cause based on the drug dog alert and the surrounding
circumstances. Because the scope of a warrantless automobile search based on probable cause is no less than one
conducted pursuant to a warrant, we conclude the trial court erred in suppressing the State's evidence. 

 We grant the State's point of error, REVERSE the trial court's judgment, and REMAND for a new trial.



______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 27th day of May, 1999. 

1. Tex. Health & Safety Code Ann. § 481.121 (Vernon Supp. 1997).

2. The factual recitation is taken with minor variation from the court of criminal appeals' opinion.