# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00037-CR

**Dorsey Ray Dixon, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. 2031229, HONORABLE FRED A. MOORE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Dorsey Ray Dixon guilty of possessing more than 200 grams but less than 400 grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a), (e) (West 2003). The court assessed punishment at fourteen years' imprisonment and a $1000 fine. In his only point of error, appellant contends that his trial counsel did not render effective assistance. We find no merit to this contention and affirm the judgment of conviction.

The relevant facts are undisputed. On April 2, 2003, an undercover Austin police officer purchased a rock of crack cocaine for $20 from a person who appeared at the back door of the house at 1907 East 8th Street, a location known to the police for drug dealing. With this

transaction serving as probable cause, a warrant was issued to search the premises at that address. A team of officers executed the warrant the following morning. Nine adults and two children were in the house when the warrant was executed. One of the adults was appellant, who was found alone and asleep in one of the bedrooms.

Appellant had a rock of crack cocaine in his pants pocket. Underneath appellant's pillow, officers found a crack pipe, $1000 in cash, car keys, and an automobile rental agreement showing that appellant had rented a 2003 Chevrolet that was parked in the street in front of the house. A bank bag containing over $5000 in cash, including one hundred twenty-three $20 bills, was found between the mattress and the box springs. A cup containing a cookie of crack cocaine and packaging materials of the sort used in the sale of cocaine were under appellant's bed.

A narcotics dog participated in the search. After the dog alerted on appellant's rented Chevrolet, officers searched the vehicle and found a rock of crack cocaine on the passenger-side floorboard. In the trunk, the officers found 231 grams of powder cocaine in one-ounce packages, as if for sale, and a brick of marihuana.

Appellant contends that his attorney was not functioning effectively as counsel when he failed to challenge the search of the automobile on Fourth Amendment grounds. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (Sixth Amendment standard for effectiveness of counsel); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* standard). When a claim of ineffectiveness is based on counsel's failure to assert a Fourth Amendment claim, the defendant must show that the claim had merit. *Kimmelman v. Morrison*, 477 U.S. 365, 375

(1986); *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Appellant argues that the search of the Chevrolet violated the Fourth Amendment because there were no exigent circumstances to justify the absence of a warrant to search the car.

Appellant does not contend that the police lacked probable cause to search the car. Contrary to appellant's contention, the automobile exception to the Fourth Amendment warrant requirement does not require the presence of exigent circumstances in addition to probable cause. *State v. Guzman*, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998). And contrary to appellant's further argument, the automobile exception was not inapplicable here because the car was parked outside a residence. Appellant relies on the statement in *California v. Carney* that the automobile exception applies when "a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes." 471 U.S. 386, 392-93 (1985). The vehicle at issue in *Carney* was a motor home that combined the mobility of an automobile with the characteristics of a dwelling. *Id*. at 388-89. The quoted language explains why the automobile exception applied to the motor home under the circumstances of the case, and it should not be read to mean that the automobile exception is inapplicable to any vehicle parked outside a residence. 3 Wayne R. LaFave, *Search and Seizure*, § 7.2(b) at 553 n.64 (4th ed. 2004).

Appellant's rented automobile was readily mobile and found in a setting that objectively indicates that it was being used for transportation. *See Carney*, 471 U.S. at 394. The automobile exception applied. Appellant has not demonstrated that his attorney was ineffective for failing to object to the search of the car on Fourth Amendment grounds.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   May 11, 2006

Do Not Publish

4