In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-138 CR


____________________



DENNIS WAYNE BRUTON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 76060






OPINION


 The lone issue in this appeal is whether the trial court erred in denying appellant's
pretrial motion to dismiss for lack of a speedy trial in violation of the Sixth Amendment
to the United States Constitution. Texas courts follow the guidance of the United States
Supreme Court when interpreting the federal constitution and the rights thereunder. State
v. Guzman, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998). Issues as to authoritative
laws, rules and remedies designated to secure federally-guaranteed rights are federal
questions. Chapman v. California, 386 U.S. 18, 21, 87 S.Ct. 824, 17 L.Ed.2d 705
(1967). 

 In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the
Supreme Court listed four nonexclusive factors to be equally weighed in determining
whether an accused has been denied his right to a speedy trial. Said factors include the
length of the delay between the time a person has become "an accused," see United States
v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468, 474 (1971), and the time
of trial; the reason provided by the State for the delay; the accused's assertion of the right;
and the prejudice to the accused resulting from the delay. Barker, 407 U.S. at 530, 92
S.Ct. 2182, 33 L.Ed.2d at 117. The weight of the prejudice factor was examined in detail
in the Court's subsequent case, Doggett v. United States, 505 U.S. 647, 654-58, 112 S.Ct.
2686, 120 L.Ed.2d 520, 529-32 (1992). Indeed, the following somewhat startling
observation is taken from the Doggett opinion:

 Barker explicitly recognized that impairment of one's defense is the most
difficult form of speedy trial prejudice to prove because time's erosion of
exculpatory evidence and testimony "can rarely be shown." 407 U.S., at
532, 33 L Ed 2d 101, 92 S. Ct. 2182. And though time can tilt the case
against either side, see id., at 521, 33 L Ed 2d 101, 92 S. Ct. 2187; Loud
Hawk, supra, 474 U.S. at 315, 88 L Ed 2d 640, 106 S. Ct. 648, one cannot
generally be sure which of them it has prejudiced more severely. Thus, we
generally have to recognize that excessive delay presumptively compromises
the reliability of a trial in ways that neither party can prove or, for that
matter, identify. While such presumptive prejudice cannot alone carry a
Sixth Amendment claim without regard to the other Barker criteria, see Loud
Hawk, supra, at 315, 88 L Ed 2d 640, 106 S. Ct. 648, it is part of the mix
of relevant facts, and its importance increases with the length of delay. 


Doggett, 505 U.S. at 655-56, 112 S.Ct. 2686, 120 L.Ed.2d at 530-31.

 In Doggett, an 8½ year delay was the factor that essentially carried the day as there
was virtually no specific prejudice shown, only a generalized discussion concerning the
possibility of "oppressive pretrial incarceration," "anxiety and concern of the accused,"
the possibility of an impaired defense by the "dimming of memories and loss of
exculpatory evidence," see id. at 654, 112 S.Ct. 2686, 120 L.Ed.2d at 529-30; and the
government's explanation for the delay was attributed to its negligence, and not to bad-faith. Id. at 656-57, 112 S.Ct. 2686, 120 L.Ed.2d at 531. Furthermore, the lack of an
invocation of the right by the accused in Doggett was not held against him as the
undisputed evidence indicated that the accused knew nothing of the charges until he was
arrested some 8½ years after being indicted. Id. at 650, 653, 112 S.Ct. 2686, 120
L.Ed.2d at 527, 529. 

 In the instant case, we agree with the refreshingly candid concessions in the State's
brief that the first three Barker factors weigh in favor of appellant. The pretrial delay, in
excess of two years, (1) is presumptively unreasonable. See Doggett, 505 U.S. at 652 n. 1,
112 S.Ct. 2686, 120 L.Ed.2d at 528 n. 1. Additionally, the record reflects no attempt by
the State at the "hearing" to explain or account for the delay. (2) Finally, the State correctly
notes that appellant did assert his right to a speedy trial through various letters inquiring
of any pending charges, and of having any pending charges disposed of in a "timely
manner." 

 Nevertheless, we are faced with an absolutely silent record regarding the fourth
factor. We find nothing to indicate how the delay prejudiced appellant. In his brief,
appellant contends that during the "hearing" on the motion to dismiss, the State remarked,
"no one will admit or can remember what happened." Yet, appellant takes these words
out of context as the record reflects that the prosecutor was merely quoting from paragraph
five of appellant's motion to dismiss, which alleges the following: 

 Defendant has been harmed by this failure to furnish him knowledge
and/or legal assistance in that evidence of what transpired at the time of
arrest have become virtually non-existent. No one will admit or can
remember what happened therefore, defendant cannot foster an effective
defense since such defense involved promises made by law enforcement
personnel whose memories have become dull or void. . . . (emphasis added) 


 The two year, six month delay in the instant case does not approach the "egregious"
8½ year delay in Doggett. As the Doggett Court noted, toleration of "official negligence,"
with which we are faced, varies inversely with its protractedness, and its consequent threat
to the fairness of the accused's trial. Id., 505 U.S. at 657, 112 S.Ct. 2686, 120 L.Ed.2d
at 532. While the official negligence in the instant case is protracted, though not
excessively so, no consequent threat to the fairness of appellant's defense is present in the
record before us. (3)

 An appellate court must review a trial court's ruling in light of what was before the
trial court at the time the ruling was made. Weatherred v. State, 15 S.W.3d 540, 542
(Tex. Crim. App. 2000). Appellant mentions that, prior to his indictment in the instant
case, he provided written statements to both Jefferson County and Hardin County
authorities concerning burglaries he had been involved in. Yet, all of the evidence
concerning the statements and possible "deals" or agreements allegedly made by the police
personnel who took appellant's statements is contained in the record of the punishment
hearing following appellant's plea of guilty to the instant offense. The punishment hearing
took place over three months after appellant entered his guilty plea. The trial court's
denial of appellant's motion to dismiss occurred immediately before he entered his guilty
plea in the instant case. As such, none of the evidence concerning the statements or any
alleged "deals" was before the trial court at the time of the "hearing" on appellant's
motion to dismiss for lack of a speedy trial. We therefore find no abuse of discretion by
the trial court in denying appellant's motion to dismiss. Issue one is overruled. The
judgment and the sentence are affirmed.

 AFFIRMED. 


 PER CURIAM


Submitted on April 11, 2002

Opinion Delivered May 22, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The delay period ran from the day appellant was indicted, February 19, 1998, until
the date of appellant's first motion for continuance on June 23, 2000. Apparently this and
a subsequent motion for continuance were granted by the trial court as appellant's first
trial, resulting in a mistrial, began November 1, 2000. 
2. Indeed, we use the term "hearing" quite loosely as no testimonial evidence was
elicited. The proceeding consisted of the trial court perusing appellant's motion to dismiss
and the accompanying attachments, occasionally quoting from the various documents. It
is unclear if the State was even aware that after the delay of over two years was recognized
by the trial court, the State was required to give an explanation for the delay. As the
Barker Court pointed out, "A defendant has no duty to bring himself to trial; the State has
that duty as well as the duty of insuring that the trial is consistent with due process." 
Barker, 407 U.S. at 527, 92 S.Ct. 2182, 33 L.Ed.2d at 115 (footnotes omitted).
3. The record before us is woefully lacking in solid support for the position of either
party, considering the fact that the issue before us concerns an explicit right, not mere
privilege, contained in the United States Constitution's Sixth Amendment.