IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00120-CR

 

Calvin Jones,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. FDP-02-16570

 



MEMORANDUM  Opinion



 








      Jones appeals his conviction for possession
of cocaine with intent to deliver.  See Tex. Health & Safety Code Ann. § 481.112(d) (Vernon
2003).  We affirm.

      In his sole issue, Jones contends that the
trial court erred in overruling Jones’s motion to suppress evidence.  Jones
argues that he was arrested without probable cause.  Giving almost total
deference to the trial court’s determination of the historical facts, we hold
that the trial court did not abuse its discretion in overruling the motion.  See
Masterson v. State, 155 S.W.3d 167, 170 (Tex. Crim. App. 2005); State v.
Mechler, 153 S.W.3d 438, 438 (Tex. Crim. App. 2005).  Police officers were
dispatched to a report of the use of marijuana.  While responding to the call,
one officer saw a truck matching the description given by the informant.  Jones
was a passenger in the truck.  The truck pulled into a gas station and stopped,
and the officer pulled in after it.  As the officer approached the truck, the
driver got out quickly and nervously, and made what the officer took as furtive
gestures, so that the officer was not able to see the driver’s hands.  The
officer pulled his gun and ordered the driver to show his hands.  After the
officer was satisfied that the driver was not holding a weapon, the officer put
his gun away.  Officers smelled the odor of marijuana, and handcuffed the
driver and Jones.   The driver gave the officers a false name, and was
arrested.  See Tex. Penal Code
Ann. § 38.02(b) (Vernon Supp. 2004-2005).  When an officer asked
Jones where his identification was, he pointed to the truck’s console.  An
officer retrieving Jones’s identification briefly searched the passenger seat
area, and found cocaine there.  Jones argues that he was under arrest when the
first officer pulled his gun or when Jones was handcuffed.  Officers could have
lawfully searched the truck either on probable cause to believe that it
contained marijuana or incident to the arrest of the driver.  See State v. Gray, 158 S.W.3d 465, 470 (Tex. Crim. App. 2005); State v.
Guzman, 959 S.W.2d 631, 633-34 (Tex. Crim. App. 1998).  

      Having overruled Jones’s
issue, we affirm the judgment.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurring with note)*

Affirmed

Opinion
delivered and filed June 22, 2005

Do
not publish

[CR25]

  *  “(Justice Vance concurs with a note:  It is
hard to understand why this opinion, even though it is a memorandum opinion,
does not adequately address Appellant’s issues.  Although I concur in the
judgment, I cannot join this opinion.)”