IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0261-10






DAVID O. MEEKINS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


LUBBOCK COUNTY





 Johnson, J., filed a concurring opinion.



C O N C U R R I N G O P I N I O N 



 The state appealed on three grounds that challenged only the court of appeals's ruling on the
validity of consent to search appellant's car. Even if we were to affirm the court of appeals on those
grounds, we could still reverse on a more direct and perhaps simpler basis: the drugs that are the
basis for this prosecution were found on appellant's person, and the parties do not dispute that
appellant consented to that search. Consent to search appellant's car, valid or invalid, is irrelevant
to the admissibility of controlled substances found on appellant's person during a consensual search, 
but neither side raised that issue.

 During a traffic stop, a police officer may allow the occupants of the vehicle to remain in it
or may ask them to get out. While asking the occupants to step out is often a consequence of the
officer's training and experience causing his "Spidey sense" to tingle, an officer is entitled to ask the
occupants to step out of the vehicle without probable cause or reasonable suspicion of criminal
activity being afoot. In this case, the officers observed that appellant was nervous, and they had seen
appellant leave a house that was known to be a site of trafficking in drugs. Officer Williams could
have asked appellant to step out of the car at that point, and in hindsight, might have avoided the
challenge now made if he had done so. If he had asked appellant to step out, stopped him from
putting his hand in his pocket, found the marijuana, and then arrested him on either the warrants or
possession of marijuana, he would then have had probable cause to search the car pursuant to the
automobile exception. (1) 

 I join the opinion of the Court. 


Filed: May 4, 2011

Publish















1. Neal v. State, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008) ("One such exception holds that the police
may lawfully search an automobile if they have probable cause to believe that the vehicle contains evidence of a
crime. [Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).] Probable cause to search exists when there is a
'fair probability' of finding inculpatory evidence at the location being searched. [Id. at 24 n.29 (citing Illinois v.
Gates, 462 U.S. 213, 238 (1983]. If this exception applies, then the police may search 'every part of the vehicle and
its contents that may conceal the object of the search.' [United States v. Ross, 456 U.S. 798, 825, 102 S. Ct. 2157, 72
L. Ed. 2d 572 (1982)].)." 

 See also Dixon v. State, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006) ("But once again, we note that
the Supreme Court explicitly reiterated in Maryland v. Dyson, 527 U.S. 465, 466-67, 119 S. Ct. 2013, 144 L. Ed. 2d
442 (1999), that police do not need exigent circumstances before conducting a search of a car. '"If a car is readily
mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to
search the whole vehicle without more."' Id. at 467 (quoting Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S. Ct.
2485, 135 L. Ed. 2d 1031 (1996)). As the Supreme Court stated, a finding of probable cause 'alone satisfies the
automobile exception to the Fourth Amendment warrant requirement.' Id. See also State v. Guzman, 959 S.W.2d
631, 634 (Tex. Crim. App. 1998) ('we hold, as Supreme Court precedent dictates, that the automobile exception to
the Fourth Amendment of the United States Constitution does not require the existence of exigent circumstances in
addition to probable cause')."

 Cf. Arizona v. Gant, ___ U.S. ___, ____, 129 S.Ct. 1710, 1723-24 (2009) ("Police may search a vehicle
incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at
the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these
justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show
that another exception to the warrant requirement applies.")