

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00357-CR

DILLON MICHAEL ERCK                                  APPELLANT

V.

THE STATE OF TEXAS                                       STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

After the trial court denied Appellant Dillon Michael Erck's pretrial motion to suppress, he pleaded guilty, pursuant to a plea bargain, to the first-degree felony offense of possession of a controlled substance, gamma hydroxybutyric acid, in the amount of 200 grams or more but less than 400 grams. *See* Tex. Health & Safety Code Ann. §§ 481.102(9), .115(e) (West 2010). The trial court sentenced him to ten years' confinement and a $2,000 fine, but the court suspended the

---

[1]*See* Tex. R. App. P. 47.4.

confinement portion of Erck's sentence and placed him on community supervision for ten years. In a single point, Erck challenges the denial of his motion to suppress. We will affirm.

Police officers received an anonymous tip that the occupants of a duplex in Weatherford were possessing and using marijuana. The tipster gave officers the duplex's location and description and the license plate number for a "suspect vehicle" at the residence. Officers confirmed the identity of the occupants—Erck and two other males—the location of the home, and the presence of the vehicle. Officers also collected a black plastic bag of trash that had been set out for garbage collection on the curb in front of the duplex. Officers found two small plastic baggies containing a useable amount of marijuana and mail addressed to the duplex's address inside the trash bag. Officers obtained a search warrant that day and, upon executing the warrant, found a plastic baggie of marijuana and gamma-hydroxybutyric acid.

Erck filed a motion to suppress, arguing that the search warrant was not supported by probable cause. At the suppression hearing, the State introduced in evidence the search warrant, the supporting affidavit, and the officer's return and inventory. Erck argued at the hearing that the anonymous tip combined with a single trash search was insufficient to support probable cause.

Erck's argument on appeal is that "he had an expectation of privacy in the contents of the seized trash bag, such that the trial court's ruling on the

2

suppression issue was legally incorrect." This argument does not comport with the argument he made to the trial court.

A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g). To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Error, if any, in the admission of evidence allegedly obtained as a result of an illegal search and seizure is waived if a proper objection is not made at the time the evidence is introduced. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832 (1995).

Here, Erck did not assert his expectation-of-privacy argument in his suppression motion, at the suppression hearing, or in his brief to the trial court that he filed after the hearing.[2] In his motion, Erck generally asserted violations of his constitutional and statutory rights "under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure," but as the court of criminal appeals has held, arguments that are

_____

[2]At the conclusion of the hearing, the trial court asked both sides to provide briefing on the suppression issue.

global in nature and contain little more than citation to constitutional and statutory provisions do not preserve error. *See Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005), *cert. denied*, 549 U.S. 861 (2006); *see also Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) (stating that suppression motion's citation to article 38.22 insufficient to preserve for appeal the specific violation of a subsection of article 38.22 claimed by appellant on appeal). Erck focused specifically on the alleged lack of probable cause in his motion and post-hearing brief and in his arguments at the suppression hearing. The trial court's findings of fact and conclusions of law did not address any expectation of privacy associated with the trash bags. Because Erck's appellate argument was not preserved at the trial level, we overrule his sole point.[3] *See* Tex. R. App. P. 33.1(a)(1); *Swain*, 181 S.W.3d at 365. We affirm the trial court's judgment

PER CURIAM

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

---

[3]Furthermore, Erck concedes on appeal that the Supreme Court's opinion in *California v. Greenwood* controls this case and supports the trial court's ruling, but he argues that we should nonetheless reconsider this issue. *See* 486 U.S. 35, 40, 108 S. Ct. 1625, 1628–29 (1988) (holding that Fourth Amendment protection not implicated in search of garbage left on curb for trash collector because a person does not have a reasonable expectation of privacy in those items). Even if we were to reach the merits of Eric's complaint, we are bound by the Supreme Court's holding in *Greenwood*. *See State v. Guzman*, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998) (explaining that when we decide cases involving the United States Constitution, we are bound by United States Supreme Court case law interpreting it).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 1, 2012