02-11-357-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00357-CR

 

 


 
 
 Dillon
 Michael Erck
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 43rd District Court
  
 of
 Parker County (CR11-0228)
  
 November
 1, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

PER
CURIAM

 

 

 

 



 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 






NO. 02-11-00357-CR

 

 


 
 
 Dillon Michael Erck
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 43rd
District Court OF Parker COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          After
the trial court denied Appellant Dillon Michael Erck’s pretrial motion to
suppress, he pleaded guilty, pursuant to a plea bargain, to the first-degree
felony offense of possession of a controlled substance, gamma hydroxybutyric
acid, in the amount of 200 grams or more but less than 400 grams.  See Tex.
Health & Safety Code Ann. §§ 481.102(9), .115(e) (West 2010).  The trial
court sentenced him to ten years’ confinement and a $2,000 fine, but the court
suspended the confinement portion of Erck’s sentence and placed him on
community supervision for ten years.  In a single point, Erck challenges the
denial of his motion to suppress.  We will affirm.

          Police
officers received an anonymous tip that the occupants of a duplex in
Weatherford were possessing and using marijuana.  The tipster gave officers the
duplex’s location and description and the license plate number for a “suspect
vehicle” at the residence.  Officers confirmed the identity of the occupants—Erck
and two other males—the location of the home, and the presence of the vehicle. 
Officers also collected a black plastic bag of trash that had been set out for
garbage collection on the curb in front of the duplex.  Officers found two
small plastic baggies containing a useable amount of marijuana and mail addressed
to the duplex’s address inside the trash bag.  Officers obtained a search
warrant that day and, upon executing the warrant, found a plastic baggie of
marijuana and gamma-hydroxybutyric acid.  

Erck
filed a motion to suppress, arguing that the search warrant was not supported
by probable cause.  At the suppression hearing, the State introduced in
evidence the search warrant, the supporting affidavit, and the officer’s return
and inventory.  Erck argued at the hearing that the anonymous tip combined with
a single trash search was insufficient to support probable cause.    

Erck’s
argument on appeal is that “he had an expectation of privacy in the contents of
the seized trash bag, such that the trial court’s ruling on the suppression
issue was legally incorrect.”  This argument does not comport with the argument
he made to the trial court.

A
reviewing court should not address the merits of an issue that has not been
preserved for appeal.  Wilson v. State, 311 S.W.3d 452, 473 (Tex. Crim.
App. 2010) (op. on reh’g).  To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App.
P. 33.1(a)(1); Lovill v. State, 319 S.W.3d 687, 691–92 (Tex. Crim. App.
2009).  Error, if any, in the admission of evidence allegedly obtained as a
result of an illegal search and seizure is waived if a proper objection is not
made at the time the evidence is introduced.  Dinkins v. State, 894 S.W.2d
330, 355 (Tex. Crim. App.), cert. denied, 516 U.S. 832 (1995).  

          Here,
Erck did not assert his expectation-of-privacy argument in his suppression
motion, at the suppression hearing, or in his brief to the trial court that he
filed after the hearing.[2]
 In his motion, Erck generally asserted violations of his constitutional and
statutory rights “under the Fourth, Fifth, Sixth and Fourteenth Amendments to
the United States Constitution, Article I, Section 9 of the Texas Constitution,
and under Article 38.23 of the Texas Code of Criminal Procedure,” but as the
court of criminal appeals has held, arguments that are global in nature and
contain little more than citation to constitutional and statutory provisions do
not preserve error.  See Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim.
App. 2005), cert. denied, 549 U.S. 861 (2006); see also Resendez v.
State, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) (stating that suppression
motion’s citation to article 38.22 insufficient to preserve for appeal the
specific violation of a subsection of article 38.22 claimed by appellant on
appeal).  Erck focused specifically on the alleged lack of probable cause in
his motion and post-hearing brief and in his arguments at the suppression
hearing.  The trial court’s findings of fact and conclusions of law did not
address any expectation of privacy associated with the trash bags.  Because
Erck’s appellate argument was not preserved at the trial level, we overrule his
sole point.[3]
 See Tex. R. App. P. 33.1(a)(1); Swain, 181 S.W.3d at 365.   We
affirm the trial court’s judgment

 

 

PER CURIAM

 

PANEL: 
WALKER, MCCOY, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: November 1, 2012 









[1]See Tex. R. App. P. 47.4.





[2]At the conclusion of the
hearing, the trial court asked both sides to provide briefing on the suppression
issue.   





[3]Furthermore, Erck concedes
on appeal that the Supreme Court’s opinion in California v. Greenwood controls
this case and supports the trial court’s ruling, but he argues that we should nonetheless
reconsider this issue.  See 486 U.S. 35, 40, 108 S. Ct. 1625, 1628–29
(1988) (holding that
Fourth Amendment protection not implicated in search of garbage left on
curb for trash collector because a person does not have a reasonable
expectation of privacy in those items).  Even if we were to reach the merits of
Eric’s complaint, we are bound by the Supreme Court’s holding in Greenwood. 
See State v. Guzman, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998)
(explaining that when we decide cases involving the United States Constitution,
we are bound by United States Supreme Court case law interpreting it).