

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-84,438-01

## Ex parte TERENCE TRAMAINE ANDRUS, Applicant

### ON APPLICATION FOR POST-CONVICTION
### WRIT OF HABEAS CORPUS FROM CAUSE NO. 09-DCR-051034
### IN THE 240TH DISTRICT COURT
### FORT BEND COUNTY

**NEWELL, J., filed a dissenting opinion in which HERVEY, RICHARDSON and WALKER, JJ., joined.**

The United States Supreme Court unquestionably made mistakes regarding this Court's original order denying post-conviction relief in this case.[1] In his dissent, Justice Alito documented a number of instances in which the Supreme Court erred in its legal analysis and its factual representations.[2] Today, the Court does a thorough job of further

---

[1] *Andrus v. Texas,* 140 S. Ct. 1875, 1886 (2020).

[2] *Id.* at 1887–1891 (Alito, J., dissenting).

enhancing Justice Alito's arguments.[3]

But the United States Supreme Court does not care. At one point in his dissent, Justice Alito actually suggested that this Court was required to shout our holding by using "all caps" or bold type to prevent any misunderstanding.[4] It did not matter. If the majority members of the Supreme Court are unwilling to listen to these argument coming from their own colleagues, I am skeptical that they will listen to this Court's detailed restatement of them.

This is why I cannot join the Court's opinion in this case. The United States Supreme Court is not last because it is always right, they are only right because they are always last.[5] Whatever else can be said of the Supreme Court's opinion, its characterization of the mitigation evidence that Applicant's trial attorney failed to uncover was integral to the determination that Applicant's attorney's representation fell below prevailing professional norms. This Court is not free to "re-characterize"

---

[3] Maj. Op. at 13–25.

[4] *Id.* at 1888 (Alito, J., dissenting) ("Perhaps the Court thinks the CCA should have used CAPITAL LETTERS or **bold type**. Or maybe it should have added: "And we really mean it!!!) (emphasis in original).

[5] *See Brown v. Allen*, 344 U.S. 443, 540 (1953) (Jackson, J. concurring) ("However, reversal by a higher court is not proof that justice is thereby better done. There is no doubt that if there were a super-Supreme Court, a substantial portion of our reversals of state courts would also be reversed. We are not final because we are infallible, but we are infallible only because we are final.")

that evidence contrary to the United States Supreme Court's holding. We are bound by the United States Supreme Court's characterization.[6]

Further, I disagree with the Court's application of the standard for prejudice in cases involving the failure to investigate possibly mitigating evidence.[7] As we recently held in *Ex parte Garza*, all an Applicant must show to establish that he was prejudiced by trial counsel's deficient performance is a showing that there is a reasonable probability that at least one juror would have struck a different balance between the aggravating and mitigating evidence and voted to spare Applicant's life.[8] Based upon the Supreme Court's characterization of the mitigation evidence in this case, Applicant has met that standard.[9] And, to the extent that the Supreme Court addressed the standard for prejudice we are to apply, the Supreme Court clarified that we err to regard it as a high one.[10]

---

[6] *See, e.g., State v. Guzman*, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998) ("When we decide cases involving the United States constitution, we are bound by United States Supreme Court case law interpreting it [.]") (citing generally *Samudio v. State*, 648 S.W.2d 312, 314 (Tex.Crim.App. 1983)).

[7] Maj. Op. at 14.

[8] *Ex parte Garza*, 2021 WL 1397860 at *1 (Tex. Crim. App. Apr. 14, 2021).

[9] *Andrus,* 140 S. Ct. at 1876–1881.

[10] *Andrus,* 140 S. Ct. at 1886 n.6 ("The concurring opinion, moreover, seemed to assume that the prejudice inquiry here turns principally on how the fact of this case compare to the facts in *Wiggins*. We note that we have never before equated what was

I share the Court's frustration with the United States Supreme Court's analysis in this case. Doubtless other courts, lower on the court structure pyramid, have experienced similar frustration regarding holdings from this Court. Nevertheless, they are still bound by this Court's holdings just as we are by the holdings of the United States Supreme Court. Because this Court does not properly apply controlling Supreme Court precedent in this case, I dissent.

Filed: May 19, 2021

Publish

---

sufficient in *Wiggins* with what is necessary to establish prejudice." (comparing *Wiggins v. Smith*, 539 U.S. 510, 537–538, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) ("[T]he mitigating evidence in this case is stronger, and the State's evidence in support of the death penalty far weaker, than in *Williams*, where we found prejudice as the result of counsel's failure to investigate and present mitigating evidence") with *Williams v. Taylor*, 529 U.S. 362, 399, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (finding such prejudice after applying AEDPA deference)).