**AFFIRM; Opinion issued March 19, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-11-00859-CR
_____

### MICAH JERRELL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Collin County, Texas
Trial Court Cause No. 002-84703-10

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion By Justice Bridges

Appellant Micah Jerrell appeals his conviction for driving while intoxicated and his accompanying sentence of 120 days confinement, probated for 12 months, and a $500.00 fine. In a single issue, appellant contends the trial court erred in not granting his motion to suppress because neither "exigent" nor "administrative" exceptions existed to justify a search of his vehicle. We affirm.

### Motion to Suppress

During the hearing on appellant's motion to suppress, the State first called Texas Department of Public Safety Trooper Chapman. The Court limited his testimony to what he told Trooper Anderson. Chapman indicated he told Anderson that appellant was trapped and, at first,

appeared unconscious. He also indicated appellant had a patch on his hand with an IV. When appellant stumbled out of the car, Chapman commented appellant looked "messed up," meaning appellant appeared intoxicated.

Texas Department of Public Safety Trooper Anderson also testified. He stated he was dispatched, at approximately 12:45 a.m., to a single-car accident on February 26, 2010. When he arrived at the scene, Anderson noticed a vehicle on its side in a ditch and approached the vehicle. He could see the driver, appellant, through the windshield and heard the car radio. When Anderson instructed appellant to turn down the radio, it took appellant several attempts before he was able to turn it down. Anderson noted appellant's movements were slow and lethargic. He also saw appellant was wearing scrubs and had an IV port in the top of his left hand. There were two strips of medical tape over it and a little bit of blood coming from the injection site on the left hand.

When Anderson instructed appellant to exit the car, appellant seemed disoriented. Appellant started grabbing at the windshield, pulling down on the rear-view mirror, and opened and closed the toll tag box in the car several times. Anderson then instructed appellant as to the location of the door handle and eventually officers were able to get appellant out of the car.

Anderson testified that he first thought appellant had escaped the hospital due to the scrubs and the IV port in his hand. He also believed appellant to be intoxicated, although he did not smell any alcohol. Due to the IV, Anderson thought appellant had been given some kind of medication or drug. Appellant's speech was described as "slurred, thick-tongued." Anderson testified that, at some point between exiting the vehicle and going to the shoulder to emergency personnel, appellant had removed the IV access from his hand. Anderson explained when he asked appellant if he had been to the hospital, appellant did not answer. When Anderson saw appellant had removed the IV port, he asked appellant if he had an IV in his hand, to which

–2–

appellant responded, "I think so."   When Anderson asked appellant who the vehicle belonged to, appellant responded, "I'm not sure."   When asked where he was coming from, appellant indicated he did not remember.

As appellant was being treated by the emergency personnel, Anderson and an officer identified by Anderson as "Officer Dixon" went down to the vehicle.   Anderson testified Dixon entered the vehicle "trying to find insurance. . . [r]egistration paperwork, anything of that nature" in an attempt to determine the owner of the vehicle.   While Dixon was inside the vehicle, he found a half-full bottle of Propofol.   Dixon also found several small bottles of sodium chloride, a small bottle of Gastrografin,   and a nurse ID badge that had appellant's name on it.    With everything Anderson had seen in dealing with appellant and with the drugs in the vehicle, Anderson believed appellant to be intoxicated.   Because he did not know exactly what the Propofol was, Anderson made a couple of calls and followed up with appellant at the hospital.   From those calls, he determined Propofol was used as an anesthetic agent and would make someone appear intoxicated or disoriented.   In addition, Anderson followed up with the medical personnel at the scene of the accident to let them know appellant had taken Propofol.   He testified he told the personnel so that "any treatment they gave him wouldn't be in an adverse reaction."   Anderson further explained that, based on his observations and appellant's answers to the questions, Anderson believed he would probably find something in the vehicle.

At the conclusion of the hearing, the trial court denied the motion to suppress as follows:

> The court finds that the officer went in the vehicle looking for ownership evidence of the vehicle because although the defendant has standing today, at the time he did not have any right to contest the ownership because he denied ownership or didn't know who owned it.   The officer has a right to know what vehicle is owned. . . the vehicle is owned by at the scene so he can have somebody take care of it. So administratively, pursuant to a non-claimed vehicle that's almost the equivalent of abandoned property and the officer has got the right to go inside the vehicle for that reason alone.

In addition, the court finds the facts are sufficient to show that he had an exigent circumstance. He's got evidence of drugs perhaps being administered to the defendant very recently enough, based on the fact that blood is coming out of the arm, there's a strong probability there's something in him that the E M T's need to know about so medical treatment does not conflict, cause an allergy, or cause him to die. He's got an immediate need to know that because the E M T's are on the scene needing to begin treatment with an I V of their own, and he has the right to get inside the vehicle to rummage around and see if there was something that the E M T's need to know about under exigent circumstance. The suppression of the search of the vehicle at the scene is denied.

Appellant raises a single issue on appeal in which he argues the trial court erred in not granting his motion to suppress because neither "exigent" nor "administrative" exceptions existed to justify a search of his vehicle.[1]

We review a trial judge's ruling on a motion to suppress by viewing all of the evidence in the light most favorable to the trial judge's ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008) (citing *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)). We afford the same amount of deference to the trial judge's rulings on mixed questions of law and fact, if those rulings turned on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Other mixed questions of law and fact are reviewed de novo. *Kothe v. State*, 152 S.W.3d 54, 62-63 (Tex. Crim. App. 2004).

The Fourth Amendment forbids unreasonable searches and seizures by government officials. *O'Hara v. State*, 27 S.W.3d 548, 550 (Tex. Crim. App. 2000). Generally, a search conducted without a warrant is considered per se unreasonable. *Maryland v. Dyson*, 527 U.S. 465, 466 (1999). Probable cause to search exists, however, when the totality of the circumstances

---

[1] During the hearing on the motion to suppress, counsel for defendant/appellant conceded he did not contest the propriety of the stop, but only challenged the search of the vehicle. Thus, we only consider the validity of the search on appeal.

allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location. *Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006). "[P]robable cause is a fluid concept−turning on the assessment of probabilities in particular factual contexts[.]" *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). Probable cause exists when the facts and circumstances within the officer's knowledge and about which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that a crime has been committed. *Torres v. State,* 182 S.W.3d 899, 901 (Tex. Crim. App. 2005). The sum of the information known to the cooperating officers at the time of a search is to be considered in determining whether there was sufficient probable cause. *Woodward v. State,* 668 S.W.2d 337, 344 (Tex. Crim. App. 1982).

In the present case, the evidence showed: (1) appellant was involved in a single-car accident, resulting in the car being flipped on its side in a ditch; (2) there was an IV port in appellant's left hand; (3) there were two strips of medical tape over the IV port and a little bit of blood coming from the injection site on the left hand; (4) appellant's movements were slow and lethargic; (5) his speech was slurred and thick-tongued; (3) appellant had difficulty exiting the vehicle and following Anderson's simple instructions; (3) appellant was not sure who owned the car he was driving; (4) he did not know where he was coming from; (5) appellant pulled the IV port from his hand, but when asked, only "thought" he previously had an IV port in his hand; (6) he did not answer when asked whether he had been to the hospital; (7) appellant appeared disoriented; (8) Chapman commented to Anderson that appellant looked "messed up," meaning appellant appeared intoxicated; (9) Anderson was trained to recognize signs of intoxication; (11) Anderson was certified to administer standardized field sobriety tests; and (12) Anderson believed he was going to find contraband inside the car. While each of these factors alone might not be sufficient, the

totality of the circumstances in this case amounted to probable cause to search the car. *See Dixon*, 206 S.W.3d at 616; *see also Green v. State*, 256 S.W.3d 456, 465 (Tex. App.–Waco 2008, no pet.); *Wiede v. State*, 214 S.W.3d 17 (Tex. Crim. App. 2007) (using the totality of the circumstances to determine there was probable cause to search). The automobile exception to the Fourth Amendment of the United States Constitution does not require the existence of exigent circumstances in addition to probable cause. *State v. Guzman*, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998) (en banc).

Therefore, we overrule appellant's sole issue on appeal and affirm the judgment of the trial court.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110859F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICAH JERRELL, Appellant

No. 05-11-00859-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law No. 2 of Collin County, Texas. (Tr.Ct.No. 002-84703-10).

Opinion delivered by Justice Bridges, Justices O'Neill and Murphy.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 19, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE